IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ANGEL RODRIGUEZ RIVERA**,
    Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**,
    Defendant.

Civil No. 21-1283 (BJM)

## ORDER

Plaintiff Ángel Rodríguez Rivera ("Rodríguez") successfully challenged the Commissioner of the Social Security Administration's ("Commissioner's") denial of his petition for Social Security disability insurance benefits. Docket No. ("Dkt.") 3. His counsel, Pedro G. Cruz Sánchez ("Cruz"), then moved for $1,945.03 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 18. That motion was granted, in the amount of $1,770.00. Dkt. 22. On November 29, 2021, Cruz moved for attorney fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b) ("406(b)"), requesting $15,000.00 for "nine point one hours" of work. Dkt. 20 at 2. The government responded with an informative motion. Dkt. 23.

A fourteen-day filing deadline applies to 406(b) motions and the countdown to this deadline begins upon delivery of an original or amended notice of award ("NOA") to counsel. *Pais v. Kijakazi*, 52 F.4th 486, 494 (1st Cir. 2022); D.P.R. Civ. R. 9(b)(2). Here, Cruz received the NOA from the Social Security Administration ("SSA") on November 21, 2021. Dkt. 20-2. He filed his motion on November 29, 2021. Thus, his request was timely.

Attorneys for successful Social Security claimants are entitled to "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). In determining a reasonable fee, courts look first to the

Case 3:21-cv-01283-BJM   Document 25   Filed 08/31/23   Page 2 of 3

*Rodríguez Rivera v. Comm'r of Soc. Sec.*, Civil. No. 21-1283 (BJM)                                    2

contingent fee arrangement and then test for reasonableness "based on the character of the representation and the results the representative achieved." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. Courts may require a claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

       The terms of Cruz and Rodríguez's contingent fee agreement were reasonable. And there is no reason to believe Cruz's conduct was substandard or improper. The fee agreement between Rodríguez and Cruz permits Cruz to receive up to 25 percent of Rodríguez's past-due benefits. Dkt. 20-1. Accordingly, Cruz requests $15,000.00. Dkt. 20 at 2. However, he reported working 9.1 hours on Rodríguez's appeal. *Id.* Thus, he seeks to bill approximately $1,648.35 per hour. This award is not in line with other recent Social Security attorney fees awarded by this court. *See, e.g., Pagan-Torres v. Comm'r of Soc. Sec.*, 18-CV-1921 (RAM), Dkt. 42 (report and recommendation denying attorney's claim of $11,000.00 for 8.3 hours of billable work as excessive and reducing it to $5,111.00, or approximately $615.78 per hour), *adopted at* Dkt. 46; *Santiago Díaz v. Comm'r of Soc. Sec.*, 19-CV-1139 (MEL), 2022 WL 420443, at *2 (D.P.R. Feb. 11, 2022) (denying Cruz's claim of $25,000.00 for 10.3 hours of billable work as excessive and reducing it to $6,180.00, or $600.00 an hour). Consistent with *Santiago Díaz*, I shall reduce Cruz's award to reflect a *de facto* rate of $600.00 an hour, or $5,460.00 in total.

*Rodríguez Rivera v. Comm'r of Soc. Sec.*, Civil. No. 21-1283 (BJM)                                                                 3

Finally, as Cruz acknowledges, he must refund fees he received from Rodríguez under the EAJA. *See* Dkt. 20 at 4; *Gisbrecht*, 535 U.S. at 796; 28 U.S.C. § 2412. Accordingly, Cruz must refund $1,770.00 to Rodríguez.

For the foregoing reasons, Cruz's petition for attorney fees under 406(b) is **GRANTED IN PART** and payment of $5,460.00 in attorney fees to Cruz is authorized. Cruz is ordered to refund Rodríguez $1,770.00 in fees previously awarded and paid to Cruz under the EAJA. Payment should be made within seven days of receipt of the 406(b) fees.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of August 2023.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge